Paul W. Sweeney Jr. (#112511)
paul.sweeney@klgates.com
K&L GATES LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001

Brendan M. Ford (#224333)
brendan.ford@klgates.com
Cassandra S. Jones (#270845)
cassandra.jones@klgates.com
K&L GATES LLP
1900 Main Street, Suite 600
Irvine, CA 92614
Telephone: (949) 253-0900
Fax: (949) 253-0902

Attorneys for Defendant,
STARBUCKS CORPORATION

BY

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
SANTA ANA

2012 JUL 30  PM 4: 12

FILED

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN ANDERSON, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>STARBUCKS CORPORATION, a Washington corporation; and Does 1 through 100, inclusive,<br><br>        Defendant. | Case No.    **CV12-6558 PA(RZx)**<br><br>**DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL** |

///
///
///
///
///
///
///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF REMOVAL

## (DIVERSITY – CLASS ACTION FAIRNESS ACT)

PLEASE TAKE NOTICE that, under 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant STARBUCKS CORPORATION ("Starbucks"), by and through its attorneys, remove to this Court the action entitled, *Shaun Anderson, individually, and on behalf of other members of the general public similarly situated, Plaintiff v. Starbucks Corporation, a Washington corporation; and Does 1 through 100, inclusive, Defendant*, Case No. BC485438 (the "Action), which was originally filed in the Superior Court of the State of California for the County of Los Angeles.  As grounds for removal, Defendant states as follows:

1.     As set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441 because the Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), in that this matter is a civil action in which the amount in controversy exceeds the sum of $5,000,000, exclusive of costs and interest, has more than 100 members in each putative class, and is between citizens of different states.

2.     By filing this Notice of Removal, Starbucks does not intend to waive, and hereby reserves, any objection as to venue, the legal sufficiency of the claims alleged in the Action and all other defenses.  Starbucks reserves the right to supplement and amend this Notice of Removal.

## BACKGROUND

3.     On May 25, 2012, Shaun Anderson commenced this putative class action by filing a Complaint in the Los Angeles Superior Court.[1]  Process was served on Starbucks on June 29, 2012 by delivery to an agent authorized by Starbucks to receive process.

///

----

[1] Attached as Exhibit "A".

1

**BASES FOR REMOVAL**

4.      The Class Action Fairness Act of 2005 ("CAFA") creates federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen on a State different from any defendant," and involves a putative class that consists of more than 100 members. 28 U.S.C.§§ 1332(d)(2)(A) and (d)(5).  Each of these three requirements is met.

**THE AMOUNT IN CONTROVERY EXCEEDS $5,000,000**

5.      Although Starbucks denies all liability alleged in the Complaint, if damages or restitution were awarded on Plaintiffs' claims, the aggregate amount as to each putative class would exceed $5,000,000.

**Nationwide Class**

6.      According to Plaintiff's Complaint, the putative class is "[a]ll persons residing in the United States of America who purchased a Starbucks product containing Cochineal Extract including Strawberries & Crème Frappucino blended beverage, Strawberry Banana Smoothie, Raspberry Swirl Cake, Birthday Cake Pop, Mini Donut with pink icing, or Red Velvet Whoopie Pie[.]"  Compl. ¶ 36.

7.      The first shipment of products containing cochineal extract to a Starbucks location anywhere in the United States occurred the week of December 26, 2011.  Declaration of Joanna Steawart ("Stewart" Decl.), ¶7.

8.      The last shipment of products containing cochineal extract to Starbucks locations anywhere in the United States occurred the week of July 2, 2012.  (Stewart Decl. ¶8.)

9.      Between January 15, 2012 and June 15, 2012, Starbucks's nationwide sales of Strawberries & Crème Frappucinos, Strawberry Banana Smoothies, Raspberry Swirl Cakes, Birthday Cake Pops, Mini Donuts with pink icing, and Red Velvet Whoopie Pies totaled $50,849,819.  (Stewart Decl. ¶11, Ex. 1.)

DEFENDANT STARBUCKS CORPORATION'S
NOTICE OF REMOVAL

10.  Plaintiff seeks "disgorgement and restitution of all monies wrongfully obtained and retained by Defendants." Compl., Prayer for Relief.  In addition, Plaintiff seeks "compensatory and general damages," "punitive damages," and "attorneys' fees," thereby adding to the total amount in controversy. *Id.*

11.  Given the nationwide sales total of the products at issue, as well as Plaintiff's requested relief, Starbucks has established to a legal certainty that the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

## California Subclass

12.  According to Plaintiff's Complaint, the putative California subclass is "[a]ll persons residing in California who purchased a Starbucks product containing Cochineal Extract including Strawberries & Crème Frappucino blended beverage, Strawberry Banana Smoothie, Raspberry Swirl Cake, Birthday Cake Pop, Mini Donut with pink icing, or Red Velvet Whoopie Pie."  Compl. ¶ 37.

13.  The first shipment of products containing cochineal extract to a Starbucks location in California occurred the week of January 2, 2012.  (Stewart Decl. ¶9.)

14.  The last shipment of products containing cochineal extract to Starbucks locations in California occurred the week of June 25, 2012.  (Stewart Decl. ¶10.)

15.  Between January 15, 2012 and June 15, 2012, Starbucks's California sales of Strawberries & Crème Frappucinos, Strawberry Banana Smoothies, Raspberry Swirl Cakes, Birthday Cake Pops, Mini Donuts with pink icing, and Red Velvet Whoopie Pies totaled $13,064,555.  (Stewart Decl. ¶12, Ex. 1.)

16.  Plaintiff seeks "disgorgement and restitution of all monies wrongfully obtained and retained by Defendants." Compl., Prayer for Relief.  In addition, Plaintiff seeks "compensatory and general damages," "punitive damages," and "attorneys' fees," thereby adding to the total amount in controversy. *Id.*

17.  Given the California sales total of the products at issue, as well as Plaintiff's requested relief, Starbucks has established to a legal certainty that the

**DEFENDANT STARBUCKS CORPORATION'S**
**NOTICE OF REMOVAL**

1  "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest

2  and costs." 28 U.S.C. § 1332(d)(6).

3  ## EACH PUTATIVE CLASS EXCEEDS 100 MEMBERS

4  18.    Although the Complaint does not specifically allege the number of

5  putative class members, the number of members in each putative class consists of more

6  than 100 members.

7  ### Nationwide Class

8  19.    According to Plaintiff's Complaint, the putative class is "[a]ll persons

9  residing in the United States of America who purchased a Starbucks product

10  containing Cochineal Extract including Strawberries & Crème Frappucino blended

11  beverage, Strawberry Banana Smoothie, Raspberry Swirl Cake, Birthday Cake Pop,

12  Mini Donut with pink icing, or Red Velvet Whoopie Pie[.]"  Compl. ¶ 36.

13  20.    The first shipment of products containing cochineal extract to a Starbucks

14  location anywhere in the United States occurred the week of December 26, 2011.

15  (Stewart Decl. ¶7.)

16  21.    The last shipment of products containing cochineal extract to Starbucks

17  locations anywhere in the United States occurred the week of July 2, 2012.  (Stewart

18  Decl. ¶8.)

19  22.    Between January 15, 2012 and June 15, 2012, Starbucks sold a combined

20  19,695,185 Strawberries & Crème Frappucinos, Strawberry Banana Smoothies,

21  Raspberry Swirl Cakes, Birthday Cake Pops, Mini Donuts with pink icing, and Red

22  Velvet Whoopie Pies in the United States.  (Stewart Decl. ¶13, Ex. 1.)

23  23.    Given the nationwide sales total of the products at issue, more than 100

24  "persons residing in the United States of America" purchased these products.  (Stewart

25  Decl. ¶13.)

26  24.    Accordingly, Starbucks has established that the putative nationwide class

27  consists of more than 100 members.  28 U.S.C.§§ 1332(d)(5).

28  ///

4

DEFENDANT STARBUCKS CORPORATION'S
NOTICE OF REMOVAL

**California Subclass**

25.     According to Plaintiff's Complaint, the putative California subclass is "[a]ll persons residing in California who purchased a Starbucks product containing Cochineal Extract including Strawberries & Crème Frappucino blended beverage, Strawberry Banana Smoothie, Raspberry Swirl Cake, Birthday Cake Pop, Mini Donut with pink icing, or Red Velvet Whoopie Pie." Compl. ¶ 37.

26.     The first shipment of products containing cochineal extract to a Starbucks location in California occurred the week of January 2, 2012. (Stewart Decl. ¶9.)

27.     The last shipment of products containing cochineal extract to Starbucks locations in California occurred the week of June 25, 2012. (Stewart Decl. ¶10.)

28.     Between January 15, 2012 and June 15, 2012, Starbucks sold a combined 4,951,126 Strawberries & Crème Frappucinos, Strawberry Banana Smoothies, Raspberry Swirl Cakes, Birthday Cake Pops, Mini Donuts with pink icing, and Red Velvet Whoopie Pies in California. (Stewart Decl. ¶14, Ex. 1.)

29.     Given the California sales total of the products at issue, more than 100 "persons residing in California" purchased these products. (Stewart Decl. ¶14.)

30.     Accordingly, Starbucks has established that the putative California subclass consists of more than 100 members. 28 U.S.C.§§ 1332(d)(5).

**DIVERSITY OF CITIZENSHIP**

31.     In this case, there is diversity of citizenship bestowing jurisdiction on this Court. "The district courts shall have original jurisdiction of any civil action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A).

32.     Plaintiff is an individual residing in Hawthorne, California in the County of Los Angeles. Compl., ¶ 11.

33.     Starbucks is incorporated under the laws of the state of Washington, and has its principal place of business in Seattle, Washington, making Starbucks a citizen of Washington. (Stewart Decl. ¶¶ 3, 4.)

1    34.    Because the Plaintiff is a citizen of a different state than Starbucks, the

2    diversity requirement set forth in 28 U.S.C. §§ 1332(d)(2) is met.

3                        **Notice of Removal is Timely Filed**

4    35.    Starbucks timely filed this notice of removal.  Starbucks was served with

5    the Complaint on July 2, 2012.  Accordingly, Starbucks filed this Notice of Removal

6    within 30 days.  28 U.S.C. §1446(b).

7                   **Consent of All Defendants Not Required**

8    36.    By this notice, Starbucks consents to this removal.  28 U.S.C. §1453(b).

9                   **Notice To Plaintiffs And State Court**

10    37.    As required by 28 U.S.C. §1446(d), a copy of this Notice of Removal is

11    being promptly served upon counsel for Plaintiff and a copy is being filed with the

12    Clerk of the Superior Court of the State of California for the County of Los Angeles.

13

14

15                                         K&L GATES LLP

16

17    Dated:  July 30, 2012                By: _____

18                                         Paul W. Sweeney Jr.
                                           Brendan M. Ford
                                           Cassandra S. Jones

19

20                                         Attorneys for Defendant
                                           Starbucks Corporation

21

22

23

24

25

26

27

28

                                        6

EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 25 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

STARBUCKS CORPORATION, a Washington corporation; and Does 1
through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

SHAUN ANDERSON, individually, and on behalf of other members of
the general public similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es:)  Los Angeles Superior Court | **CASE NUMBER:**<br>(Número del Caso:)<br>BC 485438 |

Stanley Mosk Courthouse
111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Initiative Legal Group APC, 1800 Century Park East, Second Floor, Los Angeles, CA 90067
Jordan Lurie (SBN 130013); Raul Perez (SBN 174687); Andrew Sokolowski (SBN 226685); (310) 556-5637

| DATE:<br>(Fecha)  MAY 25 2012 | Clerk, by JOHN A. CLARKE<br>(Secretario)  Shaunya Wesley | , Deputy<br>(Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):  Starbucks Corporation, A Washington Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jordan Lurie (SBN 130013); Raul Perez (SBN 174687)<br>Initiative Legal Group APC<br>1800 Century Park East, Second Floor<br>Los Angeles, CA 90067 | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>MAY 25 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>BY_____, Deputy<br>Shaunya Wesley |

TELEPHONE NO.: (310) 556-5637   FAX NO.: (310) 861-9051
ATTORNEY FOR *(Name):* Plaintiff Shaun Anderson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Anderson v. Starbucks Corporation

CASE NUMBER: BC485438

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [✓] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):*
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 25, 2012
Jordan Lurie
_____
(TYPE OR PRINT NAME)          ►          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 (Rev. July 1, 2007) | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

CM-010 [Rev. July 1, 2007]

## CIVIL CASE COVER SHEET

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (**Civil only**).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAAOR 005 (Rev. 01-12)    **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**    Cal. Rules of Court, rule 3.221
LASC Adopted 10-03    Page 1 of 2
For Mandatory Use

# COURT ADR PROGRAMS

CIVIL:

- Arbitration (non-binding) (Code Civ. Proc. §§ 1141.10-1141.31. Cal. Rules of Court. rules 3.810-3.830. and Local Rules. rule 3.252 et seq.)
- Mediation (Code Civ. Proc. §§ 1775-1775.15. Cal. Rules of Court. rules 3.850-3.860. 3.865-3.872 and 3.890-3.898. Evid. Code §§ 1115-1128. and Local Rules. rule 3.252 et seq.)
    - o Civil Harassment Mediation
    - o Eminent Domain Mediation (Code Civ. Proc. §1250.420)
    - o Small Claims Mediation
- Neutral Evaluation (Local Rules. rule 3.252 et seq.)
- Settlement Conference
    - o Voluntary Settlement Conference (Local Rules. rule 3.252 et seq.)
    - o Retired Judge Settlement Conference

FAMILY (non-custody):

- Arbitration (non-binding) (Fam. Code § 2554 and Local Rules. rule 5.18)
- Mediation (Local Rules. rule 5.18)
- Settlement Conference
    - o Forensic Certified Public Accountant (CPA)
    - o Spanish Speaking Settlement Conference

PROBATE:

- Mediation
- Settlement Conference

## NEUTRAL SELECTION

Parties may select an arbitrator, mediator, or evaluator from the Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Panel, the ADR staff will assign on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of arbitrators, mediators, and evaluators who have achieved a specified level of experience in court-annexed cases. The parties (collectively) are charged $150.00 per hour for the first three hours of hearing time. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral. |
| **Random Select Panel** | The Random Select Panel consists of trained arbitrators, mediators, evaluators, and settlement officers who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that Random Select Panel neutrals provide three hours hearing time per case on a pro bono basis. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | 1st Fl. | Lancaster, CA 93534 | 661-974-7275 | 661-945-6173 | AntelopeADR@lasuperiorcourt.org |
| Chatsworth | 9425 Penfield Ave. | 3100 | Chatsworth, CA 91311 | 818-576-8565 | 818-576-8733 | ChatsworthADR@lasuperiorcourt.org |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | 310-603-3072 | 310-223-0337 | ComptonADR@lasuperiorcourt.org |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | 818-500-3160 | 818-548-5470 | GlendaleADR@lasuperiorcourt.org |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | 562-491-6272 | 562-437-3802 | LongBeachADR@lasuperiorcourt.org |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | 562-807-7243 | 562-462-9019 | NorwalkADR@lasuperiorcourt.org |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | 626-356-5685 | 626-666-1774 | PasadenaADR@lasuperiorcourt.org |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | 909-620-3183 | 909-629-6283 | PomonaADR@lasuperiorcourt.org |
| San Pedro | 505 S. Centre St. | 209 | San Pedro, CA 90731 | 310-519-6151 | 310-514-0314 | SanPedroADR@lasuperiorcourt.org |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | 310-260-1829 | 310-319-6130 | SantaMonicaADR@lasuperiorcourt.org |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | 213-974-5425 | 213-633-5115 | CentralADR@lasuperiorcourt.org |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | 310-222-1701 | 310-782-7326 | TorranceADR@lasuperiorcourt.org |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | 818-374-2337 | 818-902-2440 | VanNuysADR@lasuperiorcourt.org |

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 2 of 2

| NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

☐ Mediation                  ☐ Neutral Evaluation

☐ Arbitration (non-binding)  ☐ Settlement Conference

☐ Arbitration (binding)      ☐ Other ADR Process (describe): _____

| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|---|
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____

LAADR 001 (Rev. 04-12)
LASC Approved 10-04
For Optional Use

**STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 1

Jordan L. Lurie (SBN 130013)
JLurie@initiativelegal.com
Andrew Sokolowski (SBN 226685)
ASokolowski@InitiativeLegal.com
Sue J. Kim (SBN 256392)
SKim@InitiativeLegal.com
Arvin Ratanavongse (SBN 257619)
ARatanavongse@InitiativeLegal.com
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for Plaintiff Shaun Anderson

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SHAUN ANDERSON, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STARBUCKS CORPORATION, a Washington corporation; and Does 1 through 100, inclusive,<br><br>Defendants. | Case No.: BC485438<br><br>**CLASS ACTION**<br><br>**ASSIGNED FOR ALL PURPOSES TO:**<br>Judge: Elihu M. Berle<br>Dept.: 323<br><br>**NOTICE OF COMPLEX DETERMINATION** |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** the Honorable Elihu M. Berle of Department 323 of the Los Angeles Superior Court in the above-referenced matter issued an order designating this case as complex on June 26, 2012.

Any party objecting to the complex designation must file an objection and proof of service in Department 323 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 323 within seven (7) days of service of the objection. The Court will make its ruling on the submitted pleadings.

A true and correct copy of the Court's minute order is attached as Exhibit A.

Dated: June 29, 2012                          Respectfully submitted,

                                              Initiative Legal Group APC


                                              By: _____
                                                  Jordan L. Lurie
                                                  Andrew Sokolowski
                                                  Sue J. Kim
                                                  Arvin Ratanavongse

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

NOTICE OF COMPLEX DETERMINATION

# EXHIBIT A

*Anderson v. Starbucks Corporation*
Case No.:  BC485438

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/26/12

DEPT. 323

HONORABLE ELIHU M. BERLE          JUDGE   S. McKINNEY          DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR
#8
          L. M'GREENE, C.A.   Deputy Sheriff   NONE          Reporter

8:30 am  BC485438                       Plaintiff
                                        Counsel      NO APPEARANCES
         SHAUN ANDERSON
         VS                             Defendant
         STARBUCKS CORPORATION          Counsel


         COMPLEX  6-26-12

**NATURE OF PROCEEDINGS:**

COURT RULING RE COMPLEX DETERMINATION

This case is hereby determined to be complex within
the meaning of Rule 3.400 of the California Rules of
Court. The case is ordered reassigned to
Judge William F. Highberger in Department 307
at the Central Civil West Courthouse for all further
proceedings and for all purposes.

The case is ordered stayed until the Initial Status
Conference date. Notice of Initial Status Conference
is to be given by the Clerk in Department 307.
No responsive pleadings may be filed until further
order of the Court. Parties may file a Notice of
Appearance in lieu of an Answer or other responsive
pleading. The filing of a Notice of Appearance shall
not constitute a general appearance, and shall not
waive any substantive or procedural challenge to the
complaint. Nothing herein stays the time for filing
Affidavit of Prejudice pursuant to Code of Civil
Procedure section 170.6.

Pursuant to Government Code section 70616 (c), each
party is ordered to pay $550.00 for complex fees,
payable to Los Angeles Superior Court, within ten
(10) calendar days from this date.

Plaintiff is ordered to forthwith serve a copy of
this minute order on all parties, and to file a proof

                    Page   1 of  3    DEPT. 323

                                        MINUTES ENTERED
                                        06/26/12
                                        COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/26/12

DEPT. 323

HONORABLE ELIHU M. BERLE                JUDGE   S. MCKINNEY        DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM                ELECTRONIC RECORDING MONITOR
#8
          L. M'GREENE, C.A.        Deputy Sheriff   NONE              Reporter

8:30 am   BC485438                   Plaintiff
                                     Counsel        NO APPEARANCES
          SHAUN ANDERSON
          VS                         Defendant
          STARBUCKS CORPORATION      Counsel


          COMPLEX  6-26-12


**NATURE OF PROCEEDINGS:**

of service in the assigned department within seven (7)
days of service.

Any party objecting to the complex designation must
file an objection with proof of service in
Department 323 within ten (10) days of service of
this minute order. Any response to the objection must
be filed in Department 323 within seven (7) days of
service of the objection. This Court will make its
ruling on the submitted pleadings.


              CLERK'S CERTIFICATE OF MAILING


I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served a copy of the minute order
dated June 26, 2012
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles, California,
one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.


              Page   2 of 3   DEPT. 323

```
MINUTES ENTERED
06/26/12
COUNTY CLERK
```

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/26/12                                                    DEPT. 323

HONORABLE ELIHU M. BERLE        JUDGE   S. McKINNEY        DEPUTY CLERK

HONORABLE                     JUDGE PRO TEM        ELECTRONIC RECORDING MONITOR
#8
        L. M'GREENE, C.A.     Deputy Sheriff   NONE              Reporter

| 8:30 am | BC485438 | Plaintiff Counsel | |
|---|---|---|---|
| | SHAUN ANDERSON | | NO APPEARANCES |
| | VS | Defendant | |
| | STARBUCKS CORPORATION | Counsel | |
| | COMPLEX 6-26-12 | | |

NATURE OF PROCEEDINGS:

Dated: June 26, 2012

John A. Clarke, Executive Officer/Clerk

By: _____
        S. McKinney, deputy


Jordan Lurie, Esq.
INITIATIVE LEGAL GROUP, APC
1800 Century Park East, 2nd Floor
Los Angeles, CA  90067

Page  3 of  3   DEPT. 323

MINUTES ENTERED
06/26/12
COUNTY CLERK

**PROOF OF SERVICE**

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the State of California, County of Los Angeles. I am over the age of 18 and not a party to the within suit; my business address is 1800 Century Park East, 2nd Floor, Los Angeles, California 90067.

On June 29, 2012, I served the document described as: **NOTICE OF COMPLEX DETERMINATION** on the interested parties in this action by sending [  ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [  ] as stated on the attached service list:

CORPORATION SERVICE COMPANY WHICH WILL
DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS
INCORPORATING SERVICE
2710 GATEWAY OAKS DR STE 150N
SACRAMENTO CA 95833

[  ]  **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[  ]  **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

[  ]  **BY FAX:** I hereby certify that this document was served from Los Angeles, California, by facsimile delivery on the parties listed herein at their most recent fax number of record in this action.

[✓]  **BY PERSONAL SERVICE:** I caused DDS to deliver the document, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this June 29, 2012, at Los Angeles, California.

Allison Marani
Type or Print Name

Signature

NOTICE OF COMPLEX DETERMINATION

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  | Jordan Lurie (SBN 130013)
   | JLurie@initiativelegal.com
2  | Raul Perez (SBN 174687)
   | RPerez@InitiativeLegal.com
3  | Andrew Sokolowski (SBN 226685)
   | ASokolowski@InitiativeLegal.com
4  | Initiative Legal Group APC
   | 1800 Century Park East, 2nd Floor
5  | Los Angeles, California 90067
   | Telephone: (310) 556-5637
6  | Facsimile: (310) 861-9051

7  | Attorneys for Plaintiff Shaun Anderson

8

**CONFORMED COPY**
**ORIGINAL FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 25 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF LOS ANGELES

11                                          B C 4 8 5 4 3 8

12  | SHAUN ANDERSON, individually, and on     | Case No.:
    | behalf of other members of the general
13  | public similarly situated,               | **CLASS ACTION COMPLAINT**
14  |                    Plaintiff,            | (1)  Violation of California's Unfair
    |                                          |      Competition Law (Bus. & Prof. Code
15  |         vs.                              |      sections 17200 *et seq.*);
    |                                          | (2)  Violation of California's False
16  | STARBUCKS CORPORATION, a                 |      Advertising Act (Cal. Business &
    | Washington corporation; and Does 1       |      Professions Code sections 17500 *et seq.*);
17  | through 100, inclusive,                  | (3)  Unjust Enrichment;
    |                                          | (4)  Fraud by Omission/Concealment; and
18  |                    Defendants.           | (5)  Violation of California Civil Code
    |                                          |      sections 1750 *et seq.* (California's
19  |                                          |      Consumers Legal Remedies Act).
20  |                                          | **Demand For Jury Trial**
21
22
23
24
25
26
27
28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

## INTRODUCTION

1.      Plaintiff Shaun Anderson ("Plaintiff") brings this action against Defendants STARBUCKS CORPORATION and Does 1 through 100, inclusive, ("Defendants" or "STARBUCKS") on behalf of herself and all others similarly situated, and alleges as follows:

## NATURE OF THE ACTION

2.      This is a consumer class action arising out of STARBUCKS' sales of bug-dye laden food and drink products at STARBUCKS' coffeehouse locations.to disclose and hid the fact that the ingredients in certain products included pulverized beetle carcasses.

3.      Unbeknownst to Plaintiff and class members, STARBUCKS has been selling various red-colored food and beverage products with the added ingredient Cochineal Extract. Cochineal Extract is an extract derived from the crushed carcasses of red-colored beetles (Cochineal beetles measure approximately .20 inches [as depicted below][1]).  The extract was used by STARBUCKS to provide a red-color dye to the food and beverage products that were sold to unwary consumers including Plaintiff and class members.



4.      STARBUCKS failed to inform, hid, and omitted to inform Plaintiff and class members that certain food and beverage products including, but not limited to, STARBUCKS' Strawberries & Crème Frappuccino blended beverage, Strawberry Banana Smoothie, Raspberry Swirl Cake, Birthday Cake Pop, Mini Donut with pink icing, and Red Velvet Whoopie Pie, were in fact made with dye from crushed beetle carcasses.

5.      Plaintiff and other consumers who purchased Defendants' bug dye-laden food and beverage products have been deceived and lost money by Defendants' omissions and failures to disclose, and STARBUCKS has been unjustly enriched from this unfair and

---

[1] Not actual size.

CLASS ACTION COMPLAINT

1    fraudulent business conduct.

2        6.    Plaintiff seeks actual and/or compensatory damages, restitutionary and

3    equitable relief, costs and expenses of litigation, attorneys' fees and all other available relief

4    for Plaintiff and all other members of the classes described below.

5                                **JURISDICTION AND VENUE**

6        7.    This class action is brought pursuant to California Code of Civil Procedure

7    section 382. The monetary damages and restitution sought by Plaintiff exceed the minimal

8    jurisdiction limits of the Superior Court and will be established according to proof at trial.

9    Based upon information, investigation and analysis as of the filing date of this complaint,

10   Plaintiff alleges that the amount in controversy for each class representative, including claims

11   for monetary damages, restitution, and a pro rata share of attorneys' fees, is less than seventy-

12   five thousand dollars ($75,000) and that the aggregate amount in controversy for the proposed

13   class action, including monetary damages, restitution, injunctive relief, and attorneys' fees, is

14   less than five million dollars ($5,000,000), exclusive of interests and costs. Plaintiff reserves

15   the right to seek a larger amount based upon new and different information resulting from

16   investigation and discovery.

17       8.    This Court has jurisdiction over this action pursuant to the California

18   Constitution, Article VI, section 10. The statutes under which this action is brought do not

19   specify any other basis for jurisdiction.

20       9.    This Court has jurisdiction over all Defendants because, upon information and

21   belief, Defendants are either citizens of California, have sufficient minimum contacts in

22   California, or otherwise intentionally avail themselves of the California market so as to render

23   the exercise of jurisdiction over them by the California courts consistent with traditional

24   notions of fair play and substantial justice.

25       10.   Venue is proper in this Court because, upon information and belief, Defendants

26   reside, transact business, or have offices in this county and the acts and omissions alleged

27   herein took place in this county.

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

## PARTIES

11.     Plaintiff Shaun Anderson resides in Hawthorne, California in the County of Los Angeles.

12.     Defendant STARBUCKS CORPORATION was and is, upon information and belief, a Washington corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

13.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to STARBUCKS CORPORATION.

14.     Plaintiff is informed and believes, and thereon alleges, that Defendants STARBUCKS CORPORATION and DOES 1 through 100 (hereinafter "Defendant") are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

15.     The true names and capacities, whether corporate, associate, individual or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said Defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief, alleges that each of the Defendants herein designated as a DOE is legally responsible for the events and happenings referred to in this Complaint and unlawfully caused the damages to Plaintiff and class members alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

16.     At all times herein relevant, Defendants and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  that all acts or omissions alleged herein were duly committed with the ratification, knowledge,

2  permission, encouragement, authorization and consent of each defendant designated herein.

3                                    **FACTS**

4      17.    STARBUCKS CORPORATION is the largest coffeehouse company in the

5  world, with over 12,500 stores in the United States alone.

6      18.    STARBUCKS sells a variety of pre-packaged and made-to-order food and

7  beverage items at its coffeehouses including coffee, espresso beverages, pastries, etc.

8      19.    Until recently, consumers who purchased a variety of red-colored food and

9  drink products including, but not limited to, STARBUCKS' Strawberries & Crème

10 Frappuccino blended beverage (depicted below)[2], Strawberry Banana Smoothie, Raspberry

11 Swirl Cake, Birthday Cake Pop, Mini Donut with pink icing, and Red Velvet Whoopie Pie

12 (depicted below)[3], had purchased these products (collectively "bug-dye laden products") not

13 knowing that they actually contained dye from crushed beetle carcasses.




----

[2] Not actual size.

[3] Not actual size.

20.     The fact that crushed beetle carcasses were used in the production of these food items was not posted in the stores, not disclosed on the product containers or receipts, not announced by the staff, nor identified online.  In fact, STARBUCKS bragged about not using *beets* for color while at the same time failing to disclose that it actually used *beetles* for color: "While foods were rationed during World War II, bakers used boiled beets to enhance the color of their cakes. Boiled grated beets or beet baby food are found in some red velvet cake recipes (but not ours!)."[4]

21.     The fact that crushed insects were an ingredient in their red-colored food items went wholly undisclosed to the public until just recently.  Unwittingly, Plaintiff and class members purchased and consumed bug-dye laden products which they would not have otherwise done had they known that the products' ingredients included crushed insects.

22.     This information was only revealed to the public when an employee working for STARBUCKS reported to a vegan/vegetarian website to dispute that the Strawberries & Crème Frappuccino blended beverage was vegan-friendly stating: "Hi! I'm a vegan who currently works as a barista at a Starbucks in the midwest, and I wanted to let you guys know that the Strawberries and Cream Frappucinos and Strawberry Smoothies at Starbucks are NOT vegan. The strawberry sauce we use contains 'cochineal extract.' My guess would be that the recipe changed about three or four weeks ago, when our strawberry sauce got new packaging. I was hoping you guys could help get the word out there so that no veg*ns end up drinking this formerly vegan frappucino by mistake! Thanks. :)."[5]

23.     The informer apparently posted a picture of the in-house (not for retail sale) packaging of the strawberry sauce/coloring additive used by STARBUCKS (as depicted on

---

[4] Starbucks Coffee Company, Red Velvet Whoopie Pie, http://www.starbucks.com/menu/food/petites/red-velvet-whoopie-pie?foodZone=9999, last visited May 7, 2012.

[5] This Dish Is Veg – Vegan, Animal Rights, Eco-friendly News, Beware: Starbucks' Soy Strawberries & Crème Frappuccino is NOT Vegan http://www.thisdishisvegetarian.com/2012/03/beware-starbucks-soy-strawberries-creme.html, last visited May 7, 2012.

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

the next page).



24.    Subsequent to the informer's statement about STARBUCKS' use of Cochineal Extract in the bug-dye laden products, a media frenzy ensued with numerous interviews of STARBUCKS' employees and reports of the bug-dye laden products all over the internet and television news media.

25.    After the media frenzy and consequential consumer disgust and uproar, STARBUCKS finally disclosed that it did in fact use Cochineal beetles in the production of the bug-dye laden products but that it would cease using the beetles:[6]

> Dear Customers,
>
> As a company, we always strive to exceed your expectations, and we take your feedback very seriously. Based on recent feedback, we learned that we fell short of these expectations by using cochineal extract. This commonly used ingredient is a natural,

---

[6] Starbucks Coffee Company, Ideas In Action Blog, http://blogs.starbucks.com/blogs/customer/archive/2012/03/29/update-regarding-cochineal-extract.aspx, last visited May 7, 2012

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

FDA-approved colorant found in a wide variety of food and beverage products in the U.S.

We use the extract in the strawberry base for our Strawberries and Crème Frappuccino, Strawberry Smoothies and three food items – the Birthday Cake Pop, Mini Donut with pink icing, and Red Velvet Whoopie Pie. While it is a safe product that poses no health risk, we are reviewing alternative natural ingredients.

Your feedback is very important to us and we encourage you to share your thoughts with us here.

Cliff Burrows
President, Starbucks U.S.

26.     However, neither Plaintiff nor class members have been reimbursed for the cost of these bug dye-laden products despite STARBUCKS' admission that the products contained extract made from crushed beetle carcasses and despite STARBUCKS' admission that consumers reacted negatively to this previously undisclosed fact.

27.     Defendants deceptively and unfairly omitted, failed to disclose, and hid the fact that the bug-dye laden products contained extract from crushed beetle carcasses. Customers would have wanted to know this fact in making informed choices about their food selections at STARBUCKS.   The facts Defendants misrepresented, concealed and failed to disclose to Plaintiff and the Class are material facts that a reasonable person would have considered important in deciding whether or not to purchase the product.   Had Plaintiff and class members known that Cochineal Extract was an ingredient in the bug-dye laden products, Plaintiff and class members would not have purchased, or would have paid less for, these products.

28.     Plaintiff and class members would not have purchased or consumed food and beverage items containing Cochineal Extract for a variety of reasons, including dietary and moral reasons. For instance, some class members are vegan or vegetarian and would not want to consume anything that includes animal products.   Class members who are allergic to Cochineal Extract would not consume products that contain this ingredient.   Other class members may not want to ingest Cochineal Extract out of sheer disgust of eating insects.

CLASS ACTION COMPLAINT

29.     As a result of Defendants' omissions of fact, Plaintiff and class members have been harmed in that they were not notified that the bug-dye laden products contained crushed beetle carcasses prior to purchase and have not been refunded the cost of these bug-dye laden products despite consumer outcry.  Accordingly Plaintiff seeks actual and/or compensatory damages, restitutionary and equitable relief, costs and expenses of litigation, attorneys' fees and all other available relief for Plaintiff and class members.

## PLAINTIFF'S FACTS

30.     Plaintiff resides in Hawthorne, California.

31.     Regularly, and at all times relevant herein, Plaintiff went to STARBUCKS stores in and around Hawthorne, California, and other Los Angeles area locations, and bought various STARBUCKS products which contained Cochineal Extract including, but not limited to, the Strawberries & Crème Frappuccino blended beverage, the Strawberry Banana Smoothie, and the Red Velvet Whoopie Pie.  For example, Plaintiff went to STARBUCKS locations during, at least, January to April of 2012 and purchased and consumed these products.

32.     Prior to purchasing the bug-dye laden products she was not informed by STARBUCKS packaging, labeling, signage, by personnel, or otherwise that the bug dye-laden products she purchased and later consumed contained Cochineal Extract.

33.     Had Plaintiff known that the bug dye-laden products she purchased and later consumed contained Cochineal Extract, she would not have bought the products at all.  Since becoming aware of the added ingredient of Cochineal Extract, she no longer consumes any STARBUCKS  products which contain the ingredient.

34.     Plaintiff has not been reimbursed for the cost of the bug-dye laden products she purchased.

## CLASS ALLEGATIONS

35.     Plaintiff brings this lawsuit as a class action on behalf of herself, and all others similarly situated, as members of proposed class pursuant to California Code of Civil

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, 2ND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   Procedure section 382.  The class satisfies the numerosity, commonality, typicality, adequacy,

2   predominance, and superiority requirements under those provisions.

3           36.     The class Plaintiff seeks to represent (the "Class") is defined as follows:

4               All persons residing in the United States of America who
    purchased a Starbucks product containing Cochineal Extract

5               including Strawberries & Crème Frappuccino blended beverage,
    Strawberry Banana Smoothie, Raspberry Swirl Cake, Birthday

6               Cake Pop, Mini Donut with pink icing, or Red Velvet Whoopie
    Pie (collectively "bug dye-laden products") within four years

7               prior to the filing of Plaintiff's Complaint.

8           37.     Plaintiff also seeks to represent a subclass of class members (the "California

9   Subclass") defined as follows:

10              All persons residing in California who purchased a Starbucks
    product containing Cochineal Extract including Strawberries &

11              Crème Frappuccino blended beverage, Strawberry Banana
    Smoothie, Raspberry Swirl Cake, Birthday Cake Pop, Mini

12              Donut with pink icing, or Red Velvet Whoopie Pie (collectively
    "bug-dye laden products") within four years prior to the filing of

13              Plaintiff's Complaint.

14          38.     Members of the Class and California Subclass will hereinafter be referred to

15  collectively as "class members."

16          39.     Plaintiff reserves the right to redefine the Class and California Subclass or

17  establish additional subclasses as appropriate based on investigation, discovery, and the

18  specific theories of liability.

19          40.     On information and belief, the members of the Class and California Subclass

20  are so numerous that joinder of all members is impracticable.

21          41.     There are questions of law and fact common to class members, which

22  predominate over any questions affecting only individual class members.  These questions

23  include:

24          (a)     Whether Defendants failed to disclose to consumers or hid the fact that

25              Strawberries & Crème Frappuccino blended beverage, Strawberry

26              Banana Smoothie, Raspberry Swirl Cake, Birthday Cake Pop, Mini

27              Donut with pink icing, and Red Velvet Whoopie Pie contained Cochineal

28

CLASS ACTION COMPLAINT

1    Extract prior to selling these products to Plaintiff and class members;

2    (b)    Whether Defendants engaged in unlawful, unfair, misleading or deceptive

3    business acts or practices by selling Plaintiff and class members the bug-

4    dye laden products without disclosing, or omitting to state, that the

5    products contained Cochineal Extract, when in fact Defendants knew or

6    should have known that this information should have been disclosed;

7    (c)    Whether Defendants engaged in consumer fraud, deceptive trade

8    practices, or other unlawful acts by selling Plaintiff and class members

9    the bug-dye laden products without disclosing, or omitting to state, that

10   the products contained Cochineal Extract, when in fact Defendants knew

11   or should have known that this information should have been disclosed;

12   (d)    Whether Defendants engaged in unfair business practices in violation of

13   California Business & Professions Code sections 17200 et seq.;

14   (e)    Whether Defendants' practice of concealing, suppressing and/or

15   misrepresenting that Cochineal Extract was an ingredient in the bug dye-

16   laden products violated the California Consumer Legal Remedies Act

17   ("CLRA"); and

18   (f)    Whether class members are entitled to damages including punitive

19   damages, restitution, disgorgement of profits, and injunctive relief, and

20   the proper measure, nature and extent of such relief.

21   42.   The named Plaintiff's claims are typical of the claims of the class members,

22   and the representative Plaintiff's interests are coincident with, and not antagonistic to, those of

23   the class members they seek to represent. Plaintiff will fairly and adequately protect the

24   interests of the members of the Class. Plaintiff has retained attorneys experienced in the

25   prosecution of class actions, including complex cases and consumer actions, and Plaintiff

26   intends to prosecute this action vigorously.

27   43.   A class action is superior to other available methods for the fair and efficient

28

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    adjudication of this controversy, since individual litigation of the claims of all class members

2    is impracticable.  Even if every Class member could afford individual litigation, the court

3    system could not.  It would be unduly burdensome on the courts in which individual litigation

4    of numerous cases would proceed.  Individualized litigation would also present the potential

5    for varying, inconsistent or contradictory judgments and would magnify the delay and expense

6    to all parties and to the court system resulting from multiple trials of the same complex factual

7    issues.  By contrast, the conduct of this action as a class action, with respect to some or all of

8    the issues presented in this Complaint, presents fewer management difficulties, conserves the

9    resources of the parties and of the court system, and protects the rights of each class member.

10         44.    Individual actions by class members may create a risk of adjudications with

11   respect to them that would, as a practical matter, be dispositive of the interests of class

12   members not parties to such adjudications or that would substantially impair or impede the

13   ability of such non-party class members to protect their interests.

**FIRST CAUSE OF ACTION**

**(Violation of the California Unfair Business Practices Act)**

**Business & Professions Code §§ 17200 *et seq.*)**

**(Against Defendants and Does 1 Through 100)**

18         45.    Plaintiff incorporates by reference the allegations contained in the preceding

19   paragraphs of this Complaint.

20         46.    California Business and Professions Code section 17200 prohibits any "unfair

21   deceptive, untrue or misleading advertising."  For the reasons discussed above, Defendants

22   have engaged in unfair, deceptive, untrue and misleading advertising in violation of California

23   Business & Professions Code section 17200 *et seq.*, in that, among other things, Defendants

24   failed to disclose to consumers or hid the fact that Strawberries & Crème Frappuccino blended

25   beverage, Strawberry Banana Smoothie, Raspberry Swirl Cake, Birthday Cake Pop, Mini

26   Donut with pink icing, and Red Velvet Whoopie Pie contained Cochineal Extract prior to

27   selling these products to Plaintiff and class members.

28

Page 11

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

47.     Plaintiff and class members were mislead into believing that the bug dye-laden products did not contain offending ingredients such as crushed insects.

48.     California Business & Professions Code section 17200 also prohibits any "unlawful . . . business act or practice." Defendants have violated Sections 17200 *et seq.*'s prohibition against engaging in unlawful acts and practices by, among other things, failing to disclose to consumers or hiding the fact that Strawberries & Crème Frappuccino blended beverage, Strawberry Banana Smoothie, Raspberry Swirl Cake, Birthday Cake Pop, Mini Donut with pink icing, and Red Velvet Whoopie Pie contained Cochineal Extract prior to selling these products to Plaintiff and class members.

49.     Plaintiff and class members reserve the right to allege other violations of law which constitute other unlawful business acts or practices.

50.     California Business & Professions Code sections 17200 *et seq.* also prohibits any "unfair . . . business act or practice." Defendants' acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business & Professions Code § 17200 in that Defendants' conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Plaintiff asserts violations of the public policy in that Defendants have engaged and continue to engage in misleading advertising, unfair competition, omissions of fact, and deceptive conduct towards consumers. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. This conduct violates the unfair prong of California Business & Professions Code sections 17200 *et seq.* Defendants' conduct as alleged herein was unfair in that they paid for the bug-dye laden products but were not informed, online, through advertisements or signage, or in person that the products contained crushed beetle carcasses.

51.     Business & Professions Code sections 17200 *et seq.* also prohibit any

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

CLASS ACTION COMPLAINT

1  "fraudulent business act or practice." Defendants' claims, nondisclosures, and misleading

2  statements, as set forth above, were false, misleading, and/or likely to deceive the consuming

3  public within the meaning of Business & Professions Code sections 17200 *et seq.*

4  Defendants' business acts and practices are fraudulent because they are likely to, and in fact,

5  did deceive consumers, including Plaintiff and class members, into believing they were

6  purchasing products fit for human consumption and without offending ingredients such as

7  crushed insects which many consider to be disgusting, otherwise offensive and/or to violate

8  personal dietary restrictions.

9       52.    Defendants' misrepresentation and/or nondisclosure of the fact that

10  STARBUCKS' bug-dye laden products actually contained crushed insects adversely affected

11  Plaintiff and class members.

12       53.    As a result of Defendants' misrepresentations and omissions, Plaintiff and class

13  members lost money or property because they paid for the bug dye-laden products and were

14  not reimbursed.

15       54.    Had Plaintiff and class members known that Strawberries & Crème

16  Frappuccino blended beverage, Strawberry Banana Smoothie, Raspberry Swirl Cake, Birthday

17  Cake Pop, Mini Donut with pink icing, and Red Velvet Whoopie Pie contained Cochineal

18  Extract, Plaintiff and class members would not have purchased the products, or would have

19  paid less for the products.

20       55.    Defendants' conduct caused and continues to cause substantial injury to

21  Plaintiff and the other class members. Plaintiff and class members have suffered injury in fact

22  and have lost money as a result of Defendants' wrongful conduct.

23       56.    Pursuant to Business & Professions Code section 17203, Plaintiff seeks an

24  order requiring Defendants to immediately cease such acts of unlawful, unfair, and fraudulent

25  business practices, requiring Defendants to engage in a corrective advertising campaign, and

26  requiring Defendants to immediately refund all monies improperly withheld with interest.

27       57.    Unless Defendants are enjoined from continuing to engage in these unfair,

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

CLASS ACTION COMPLAINT

1   unlawful, and fraudulent business practices, Plaintiff and the class members will continue to

2   be injured by Defendants' actions and conduct.

3        58.        Defendants have thus engaged in unlawful, unfair, and fraudulent business acts

4   and practices, entitling Plaintiff and the class members to judgment and equitable relief

5   against Defendant, as set forth in the Prayer for Relief, including full restitution and/or

6   disgorgement of all revenues, earnings, profits, compensation, and benefits which may have

7   been obtained by Defendants as a result of such business acts or practices, and enjoining

8   Defendants to cease and desist from engaging in the practices described herein.

9                    **SECOND CAUSE OF ACTION**

10              **Violation of California's False Advertising Act**

11              **(Business & Professions Code §§ 17500, *et seq*.)**

12              **(Against Defendants and Does 1 Through 100)**

13       59.        Plaintiff incorporates by reference the allegations contained in the preceding

14   paragraphs of this Complaint.

15       60.        Defendants failed to disclose to consumers or hid the fact that the Strawberries

16   & Crème Frappuccino blended beverage, Strawberry Banana Smoothie, Raspberry Swirl

17   Cake, Birthday Cake Pop, Mini Donut with pink icing, and Red Velvet Whoopie Pie

18   contained Cochineal Extract prior to selling these products to Plaintiff and class members.

19   Defendants misled consumers in that Plaintiff and class members believed that the food and

20   beverage items they were buying and consuming did not contain offending ingredients such as

21   extract from crushed bugs.

22       61.        Defendants engaged in unfair, deceptive, untrue or misleading advertising by

23   omitting and failing to state that the bug dye-laden products contained crushed insects.

24       62.        Defendants disseminated or caused to be disseminated misleading advertising

25   statements with the intent to either directly or indirectly induce members of the public,

26   including Plaintiff and class members, to purchase the bug-dye laden products.

27       63.        The facts Defendants misrepresented, concealed and failed to disclose to

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

CLASS ACTION COMPLAINT

1   Plaintiff and the class members are material facts that a reasonable person would have

2   considered important in deciding whether or not to purchase the products.  A reasonable

3   consumer, including Plaintiff and class members, would want to know if extract from crushed

4   insects was an ingredient in their food and beverages.

5         64.   Plaintiff, individually and on behalf of all others similarly situated, demand

6   judgment against Defendants for restitution, disgorgement, injunctive relief, and all other

7   relief afforded under Business & Professions Code section 17500, plus interest, attorneys' fees

8   and costs.

9   **THIRD CAUSE OF ACTION**

10  **(Unjust Enrichment)**

11  **(Against Defendants and Does 1 Through 100)**

12        65.   Plaintiff incorporates by reference the allegations contained in the preceding

13  paragraphs of this Complaint.

14        66.   As a direct and proximate result of the false, misleading and deceptive

15  statements and material omissions, set forth above, Defendants have been unjustly enriched.

16        67.   Through deliberate misrepresentations, concealment or omissions in connection

17  with the advertising, marketing, promotion, and sale of products, Defendants reaped the

18  benefits of Plaintiff's and class members' purchases of bug-dye laden products.

19        68.   Defendants' conduct created a contract or quasi-contract through which

20  Defendants received a benefit of monetary compensation without providing the consideration

21  promised to Plaintiff and class members.  Accordingly, Defendants will be unjustly enriched

22  unless ordered to disgorge those profits for the benefit of Plaintiff and class members.

23        69.   Plaintiff and class members are entitled to and seek through this action

24  restitution of, disgorgement of, and the imposition of a constructive trust upon all profits,

25  benefits, and compensation obtained by Defendants from their improper conduct as alleged

26  herein.

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

CLASS ACTION COMPLAINT

## FOURTH CAUSE OF ACTION

### (Fraud by Omission/Concealment)

### (Against Defendants and Does 1 Through 100)

70.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

71.     Defendants knew, but actively concealed, intentionally failed to disclose, or only partially disclosed material facts regarding the use of Cochineal Extract in the bug-dye laden products.

72.     The material facts Defendants concealed and intentionally failed to disclose include, but are not limited to, the fact that the Strawberries & Crème Frappuccino blended beverage, Strawberry Banana Smoothie, Raspberry Swirl Cake, Birthday Cake Pop, Mini Donut with pink icing, and Red Velvet Whoopie Pie contained Cochineal Extract.

73.     Plaintiff and class members did not know, and/or could not have discovered, the concealed and omitted material facts described above.

74.     The facts concealed or not disclosed by Defendants to Plaintiff and class members are material in that a reasonable person would consider them in deciding whether to purchase or pay less for the bug-dye laden food products.

75.     On information and belief, Defendants intended to deceive Plaintiff and class members by concealing and omitting the material facts set forth above.

76.     Plaintiff and class members reasonably relied on Defendants' deceptive representations.

77.     Plaintiff and class members were harmed as a result of Defendants' deception, concealment and omissions, in that they lost money by purchasing the products.

78.     Defendants' deception, concealment and omissions were a substantial factor in causing the harm to Plaintiff and the class members, in that they would not have purchased the products had they known that the products contained crushed insects, or would have paid less for the products.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

## FIFTH CAUSE OF ACTION

### Violation of California's Consumers Legal Remedies Act,

### California Civil Code section 1750 et. seq.

### (Against Defendants and Does 1 Through 100)

79.　Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

80.　Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money as a result of Defendants' actions as set forth herein.  Specifically, Plaintiff purchased the STARBUCKS bug-dye laden products without having been informed that they contained crushed insects.

81.　On May 23, 2012, Plaintiff sent Defendants, via certified mail, a Consumers Legal Remedies Act notification and demand letter.  A true and accurate copy of the letter is attached as Exhibit A to this Complaint.

82.　Plaintiff has filed concurrently herewith the declaration of venue required by Civil Code section 1780(d).

83.　The California Consumers Legal Remedies Act, California Civ. Code sections 1750 *et seq.*, has adopted a comprehensive statutory scheme prohibiting various deceptive practices in connection with the conduct of a business providing goods, property or services to consumers primarily for personal, family or household purposes.

84.　STARBUCKS CORPORATION is a corporation and thus a "person" as defined by Civil Code section 1761(c).

85.　Plaintiff and California Subclass members are "consumers" within the meaning of Civil Code section 1761(d) as they are individuals that purchased goods from Defendants.

86.　The products at issue constitute "goods" as defined by Civil Code section 1761(a) as they are food and beverage items sold to consumers for individual consumption.

87.　Plaintiff and California Subclass members' purchases of the "goods" described above are "transaction[s]" as defined by Civil Code section 1761 (e).

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

88.    The transaction, policies, acts and practices engaged in by Defendants and alleged herein were intended to and/or did result in the sale of the products at issue to Plaintiff and class members, which violated the CLRA in at least the following respects:

(a)    In violation of California Civil Code section 1770(a)(5), Defendants' acts, practices and omissions constitute misrepresentations regarding the benefits, uses, and characteristics of the bug-dye laden products. By failing to inform the consuming public that these products contained crushed insects and by affirmatively promoting and marketing their sale, Defendants misled consumers to believe that these products were fit for human consumption, and did not contain ingredients such as crushed insects which many consider to be disgusting, otherwise offensive and/or to violate personal dietary restrictions.

(b)    In violation of California Civil Code section 1770(a)(7), Defendants advertised and marketed their bug-dye laden products without notifying purchasers, including Plaintiff and class members, that the products contained crushed insects. Defendants' affirmative promotion of the bug-dye laden products and material omissions regarding their ingredients amount to a representation that the bug-dye laden products were of a particular standard, quality or grade when in fact they were of another.

(c)    In violation of California Civil Code section 1770(a)(9), Defendants promoted and marketed their bug-dye laden products as fit for human consumption without disclosing that they contained crushed insects which many consider to be disgusting, otherwise offensive and/or to violate personal dietary restrictions. Defendants intentionally promoted and marketed the bug-dye laden products in this manner to deceive the public, all the while intending to sell them with crushed insects.

(d)    In violation of California Civil Code section 1770(a)(16), Defendants

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

misrepresented that their products were supplied in accordance with previous representations when they were not, including, but not limited to promoting and marketing their bug-dye laden products as fit for human consumption when in fact these products actually contained extract from crushed insects which many consider to be disgusting, otherwise offensive and/or to violate personal dietary restrictions.

89.   At all relevant times, Defendants made uniform representations or material omissions regarding their bug-dye laden products, including that the products were fit for human consumption. These representations and material omissions, as set forth above, were false, deceptive and/or misleading and in violation of CLRA.

90.   Defendants engaged in deceptive practices, in violation of CLRA, that were designed to induce Plaintiff and class members to purchase the bug dye-laden products. Defendants' unfair and/or deceptive acts or practices occurred repeatedly and are ongoing.

91.   The misrepresentations and/or facts concealed or not disclosed by Defendants to Plaintiff and class members are material facts, in that a reasonable person would have considered the addition of crushed insects in their food and beverage items in deciding whether to purchase the items or pay less for them.

92.   Plaintiff and class members suffered injury in fact and/or actual damages as a direct result of Defendants' misleading marketing campaign and/or concealment of material facts in violation of the CLRA. Had Defendants disclosed the true quality, and nature of Defendants' bug-dye laden products, Plaintiff and class members would not have purchased the bug-dye laden products or would have paid less for them.

93.   To this day, Defendants continue to violate the CLRA by failing to refund the amount of purchase for the bug-dye laden products and by continuing to sell the bug-dye laden products.

94.   As a result of the foregoing, Plaintiff and class members have had their legal rights infringed upon and suffered irreparable harm, entitling them to both injunctive relief

1  and restitution as detailed herein.

2      95.     Plaintiff has provided Defendants with notice of their alleged violations of the

3  CLRA pursuant to Civil Code § 1782(a).  If, within 30 days of the date of the notification

4  letter, Defendants fail to provide appropriate relief for its violation of the CLRA, Plaintiff will

5  amend this Complaint to seek compensatory, monetary and punitive damages via the CLRA,

6  in addition to injunctive and equitable relief sought.

7                          **PRAYER FOR RELIEF**

8      WHEREFORE, Plaintiff, individually and on behalf of all other members of the Class

9  and California Subclass, pray for relief and judgment against Defendants and Does 1 through

10  100, and each of them, jointly and severally, as follows:

11      1.     That this action be certified as a class action;

12      2.     That Plaintiff be appointed as the representative of the Class and California

13  Subclass;

14      3.     That counsel for Plaintiff be appointed as Class counsel;

15      4.     That Plaintiff and class members be awarded disgorgement and restitution of all

16  monies wrongfully obtained and retained by Defendants;

17      5.     That Plaintiff and class members be awarded interest on the monies wrongfully

18  obtained from the date of collection through the date of entry of judgment in this action.

19      6.     That Plaintiff and class members be awarded compensatory and general

20  damages according to proof;

21      7.     That Defendants be mandated to make a payment to a *cy pres* fund;

22      8.     That Defendants be mandated to engage in a corrective advertising campaign to

23  correct the misperceptions and omissions of fact Defendants' deceptive, false and misleading

24  acts have created;

25      9.     That Defendants be mandated to issue an apology to Plaintiff and class

26  members;

27      10.     That Plaintiff and class members be awarded punitive damages as to the

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1 | appropriate cause of action under Civil Code section 3294;

2 |      11.    That Plaintiff and class members be awarded their reasonable attorneys' fees,

3 | expert-witness fees, and other costs;

4 |      12.    All such other and further relief as the Court deems just and proper.

5

6 | Dated: May 25, 2012                Respectfully submitted,

7 |                                 Initiative Legal Group APC

8

9 |           By: _____

10 |                 Jordan Lurie
                Raul Perez

11 |                 Andrew Sokolowski

                Attorneys for Plaintiff Shaun Anderson

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all other members of the Class and California Subclass, hereby demand a jury trial.

Dated: May 25, 2012

Respectfully submitted,

Initiative Legal Group APC

By: _____

Jordan Lurie
Raul Perez
Andrew Sokolowski

Attorneys for Plaintiff Shaun Anderson

CLASS ACTION COMPLAINT



# CSC.

**CORPORATION SERVICE COMPANY**

KZS / ALL
Transmittal Number: 10070154
Date Processed: 06/30/2012

## Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Emi McElroy |
| | Starbucks Corporation Legal Department |
| | 2401 Utah Ave. South |
| | Floor 8TH MS:S-LA1 |
| | Seattle, WA 98134 |

| | |
|---|---|
| **Entity:** | Starbucks Corporation |
| | Entity ID Number  0178010 |
| **Entity Served:** | Starbucks Corporation |
| **Title of Action:** | Shaun Anderson vs. Starbucks Corporation |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Other |
| **Court/Agency:** | Los Angeles County Superior Court, California |
| **Case/Reference No:** | BC485438 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 06/29/2012 |
| **Answer or Appearance Due:** | Reference Document |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Jordan Lurie |
| | 310-556-5637 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com



## CORPORATION SERVICE COMPANY'

# Notice of Service of Process

BWE / ALL
**Transmittal Number: 10134382**
**Date Processed: 07/19/2012**

| | |
|---|---|
| **Primary Contact:** | Emi McElroy<br>Starbucks Corporation Legal Department<br>2401 Utah Ave. South<br>Floor 8TH MS:S-LA1<br>Seattle, WA 98134 |

| | |
|---|---|
| **Entity:** | Starbucks Corporation<br>Entity ID Number  0178010 |
| **Entity Served:** | Starbucks Corporation |
| **Title of Action:** | Shaun Anderson vs. Starbucks Corporation |
| **Document(s) Type:** | Notice |
| **Nature of Action:** | Other |
| **Court/Agency:** | Los Angeles County Superior Court, California |
| **Case/Reference No:** | BC485438 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 07/19/2012 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | CSC |
| **How Served:** | Regular Mail |
| **Sender Information:** | Sue J. Kim<br>310-556-5637 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

Jordan L. Lurie (SBN 130013)
JLurie@initiativelegal.com
Sue J. Kim (SBN 256392)
SKim@InitiativeLegal.com
Arvin Ratanavongse (SBN 257619)
ARatanavongse@InitiativeLegal.com
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for Plaintiff Shaun Anderson

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SHAUN ANDERSON, individually, and on behalf of other members of the general public similarly situated, | Case No.: BC485438 |
| | **CLASS ACTION** |
| Plaintiff, | **NOTICE OF REASSIGNMENT TO JUDGE JANE L. JOHNSON, DEPT. 308** |
| vs. | |
| STARBUCKS CORPORATION, a Washington corporation; and Does 1 through 100, inclusive, | |
| Defendants. | |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2

**PLEASE TAKE NOTICE THAT** that on July 13, 2012, the Honorable Emilie H. Elias

3

reassigned the above entitled matter to Judge Jane L. Johnson in Department 308 at 600 S.

4

Commonwealth Avenue, Los Angeles, California 90005.

5

A true and correct copy of the Court's minute order is attached as Exhibit "A."

6

7

Dated:  July 17, 2012                                Respectfully submitted,

8

Initiative Legal Group APC

9

10

By: _____

Jordan L. Lurie
Sue J. Kim
Arvin Ratanavongse

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

# EXHIBIT A

Anderson v. Starbucks Corporation
Case No. BC485438
Exhibit A to Notice of Reassignment to Judge Jane L. Johnson, Dept.308

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 07/13/12 | | **DEPT. 324** |
| HONORABLE EMILIE H. ELIAS          JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE #7 | | ELECTRONIC RECORDING MONITOR |
| E. MUNOZ, C.A.          Deputy Sheriff | NONE | Reporter |

|  |  |  |
|---|---|---|
| BC485438 | Plaintiff Counsel | |
| SHAUN ANDERSON | | NONE |
| VS | Defendant | |
| STARBUCKS CORPORATION | Counsel | |
| *P-170.6 HIGHBERGER* COMPLEX 6-26-12 | | |

**NATURE OF PROCEEDINGS:**

REASSIGNMENT UPON CCP 170.6 CHALLENGE

Good cause appearing, the above matter is reassigned
from Judge William F. Highberger in Department 307
to Judge Jane L. Johnson in Department 308
for all purposes.

Any party who has appeared and has not previously
filed a peremptory challenge under Section 170.6 Code
of Civil Procedure, may exercise a peremptory
challenge to the newly assigned judge within the 15
day period specified in Section 170.6 Code of Civil
Procedure (with extensions of time pursuant to Code
of Civil Procedure Section 1013 if service of notice
is by mail). Any party who has not yet appeared may
exercise a peremptory challenge under Section 170.6
Code of Civil Procedure within the 15 day statutory
period from first appearance.

Counsel for the moving party is to give notice to
all parties.

               CLERK'S CERTIFICATE OF MAILING


I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the


               Page   1 of   2   DEPT. 324

| MINUTES ENTERED |
|---|
| 07/13/12 |
| COUNTY CLERK |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/13/12                                    DEPT. 324

HONORABLE EMILIE H. ELIAS    JUDGE   A. MORALES        DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR
#7
          E. MUNOZ, C.A.    Deputy Sheriff   NONE          Reporter

---

BC485438                          Plaintiff
                                  Counsel
SHAUN ANDERSON                              NONE
VS
STARBUCKS CORPORATION            Defendant
                                  Counsel
*P-170.6 HIGHBERGER*
COMPLEX  6-26-12

---

**NATURE OF PROCEEDINGS:**

Minute Order
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.


Dated: 7-13-12

John A. Clarke, Executive Officer/Clerk


By: _____
              A. MORALES



INITIATIVE LEGAL GROUP APC
Sue J. Kim
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067




Page   2 of   2   DEPT. 324

MINUTES ENTERED
07/13/12
COUNTY CLERK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SERVICE LIST

Corporation Service Company Which Will Do Business in California as
CSC – Lawyers Incorporation Service Agent

STARBUCKS CORPORATION, a Washington corporation

2710 Gateway Oaks Dr., Ste. 150N

Sacramento, CA 95833

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**PROOF OF SERVICE**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the State of California, County of Los Angeles. I am over the age of 18 and not a party to the within suit; my business address is 1800 Century Park East, 2nd Floor, Los Angeles, California 90067.

On **July 17, 2012**, I served the document described as **NOTICE OF REASSIGNMENT TO JUDGE JANE L. JOHNSON, DEPT. 308** on the interested parties in this action by sending [ ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] as stated on the attached service list:

**SEE ATTACHED SERVICE LIST**

[✓]   **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[ ]   **BY ELECTRONIC SERVICE PROVIDER:** I hereby certify that the document was served electronically via the Court designated electronic service provider LEXIS NEXIS.

[ ]   **BY FAX:** I hereby certify that this document was served from Los Angeles, California, by facsimile delivery on the parties listed herein at their most recent fax number of record in this action.

[ ]   **BY PERSONAL SERVICE:** I delivered the document, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

[ ]   **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery. Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid. The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **July 17, 2012**, at Los Angeles, California.

Patrick White
Type or Print Name                                        Signature





UNITED STATES POSTAGE

PITNEY BOWES

$000.65°

02 1P
0001011806    JUL 17 2012
MAILED FROM ZIP CODE 90067

Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067

Corporation Service Company Which Will Do Business in
California as CSC – Lawyers Incorporation Service Agent
STARBUCKS CORPORATION, a Washington corporation
2710 Gateway Oaks Dr., Ste. 150N
Sacramento, CA 95833

95833350224



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

BWE / GARN
**Transmittal Number: 10131733**
**Date Processed: 07/19/2012**

Primary Contact:     Kathy Riley
                     Starbucks Corporation Legal Department
                     2401 Utah Ave. South
                     Floor 8TH MS:S-LA1
                     Seattle, WA 98134

Copy of transmittal only provided to:     Andrea Ivy

| | |
|---|---|
| Entity: | Starbucks Corporation<br>Entity ID Number 0178010 |
| Entity Served: | Starbucks Corporation |
| Title of Action: | Shaun Anderson vs. Starbucks Corporation |
| Document(s) Type: | Notice |
| Nature of Action: | Other |
| Court/Agency: | Los Angeles County Superior Court, California |
| Case/Reference No: | BC485438 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 07/18/2012 |
| Answer or Appearance Due: | Other/NA |
| Originally Served On: | CSC |
| How Served: | Regular Mail |
| Sender Information: | Sue J. Kim<br>310-556-5637 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

Jordan L. Lurie (SBN 130013)
JLurie@initiativelegal.com
Andrew Sokolowski (SBN 226685)
ASokolowski@InitiativeLegal.com
Sue J. Kim (SBN 256392)
SKim@InitiativeLegal.com
Arvin Ratanavongse (SBN 257619)
ARatanavongse@InitiativeLegal.com
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for Plaintiff Shaun Anderson

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SHAUN ANDERSON, individually, and on behalf of other members of the general public similarly situated, | Case No.: BC485438 |
| | **CLASS ACTION** |
| Plaintiff, | **NOTICE OF RULING OF PEREMPTORY CHALLENGE AND RE-ASSIGNMENT** |
| vs. | |
| STARBUCKS CORPORATION, a Washington corporation; and Does 1 through 100, inclusive, | |
| Defendants. | |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE THAT** that on July 12, 2012, the Honorable William F. Highberger granted Plaintiff's Peremptory Challenge under Section 170.6 of the Code of Civil Procedure and ordered the above-entitled matter transferred to Department 324 for re-assignment.

   A true and correct copy of the Court's minute order is attached as Exhibit "A."

Dated:  July 16, 2012                                    Respectfully submitted,

                                                         Initiative Legal Group APC

                                           By:  _____
                                                         Jordan L. Lurie
                                                         Andrew Sokolowski
                                                         Sue J. Kim
                                                         Arvin Ratanavongse

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

# EXHIBIT A

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/12/12            DEPT. 307

HONORABLE WILLIAM F. HIGHBERGER    JUDGE | A. LIM       DEPUTY CLERK

HONORABLE            JUDGE PRO TEM        ELECTRONIC RECORDING MONITOR
#

     R. SANCHEZ, C.A.      Deputy Sheriff | NONE            Reporter

8:30 am BC485438            Plaintiff
                            Counsel
       SHAUN ANDERSON             NO APPEARANCES
       VS                  Defendant
       STARBUCKS CORPORATION      Counsel

       *P-170.6 HIGHBERGER* —————
       COMPLEX  6-26-12

**NATURE OF PROCEEDINGS:**

PEREMPTORY CHALLENGE

A peremptory challenge under Section 170.6 of the Code
of Civil Procedure was filed herein on July 11, 2012.

The Court finds that it was timely filed, in proper
format, and it is accepted.

The case is ordered transferred to Department 324 for
re-assignment.

Moving party is to give notice.

          CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the
Minute Order
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

         Page   1 of  2   DEPT. 307

MINUTES ENTERED
07/12/12
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 07/12/12 | | | DEPT. 307 |
|---|---|---|---|
| HONORABLE WILLIAM F. HIGHBERGER | JUDGE | A. LIM | DEPUTY CLERK |
| HONORABLE # | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| R. SANCHEZ, C.A. | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC485438 | | Plaintiff Counsel | |
|---|---|---|---|---|
| | SHAUN ANDERSON VS STARBUCKS CORPORATION | | | NO APPEARANCES |
| | | | Defendant Counsel | |
| | *P-170.6 HIGHBERGER* COMPLEX 6-26-12 | | | |

NATURE OF PROCEEDINGS:


Dated: July 12, 2012

John A. Clarke, Executive Officer/Clerk

By: _____
                 A. LIM


INITIATIVE LEGAL GROUP APC
Sue J. Kim
1800 Century Park East, 2nd Floor
Los Angeles, CA. 90067


Page   2 of 2   DEPT. 307

MINUTES ENTERED
07/12/12
COUNTY CLERK

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the State of California, County of Los Angeles. I am over the age of 18 and not a party to the within suit; my business address is 1800 Century Park East, 2nd Floor, Los Angeles, California 90067.

On **July 16, 2012**, I served the document described as **NOTICE OF RULING OF PEREMPTORY CHALLENGE AND RE-ASSIGNMENT** on the interested parties in this action by sending [ ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] as stated on the attached service list:

**SEE ATTACHED SERVICE LIST**

[✓]  **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[ ]   **BY ELECTRONIC SERVICE PROVIDER:** I hereby certify that the document was served electronically via the Court designated electronic service provider LEXIS NEXIS.

[ ]   **BY FAX:** I hereby certify that this document was served from Los Angeles, California, by facsimile delivery on the parties listed herein at their most recent fax number of record in this action.

[ ]   **BY PERSONAL SERVICE:** I delivered the document, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

[ ]   **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery. Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid. The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **July 16, 2012**, at Los Angeles, California.

Patrick White
Type or Print Name                                    Signature

**PROOF OF SERVICE**

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1

## <u>SERVICE LIST</u>

2

3   Corporation Service Company Which Will Do Business in California as
    CSC – Lawyers Incorporation Service Agent
4
    STARBUCKS CORPORATION, a Washington corporation
5   2710 Gateway Oaks Dr., Ste. 150N

6   Sacramento, CA 95833

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

PROOF OF SERVICE

Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067

UNITED STATES POSTAGE

PITNEY BOWES

02 1P    $000.65⁰
0001011806  JUL 16 2012
MAILED FROM ZIP CODE 90067

Corporation Service Company Which Will Do Business in
California as CSC-Lawyers Incorporation Service Agent
STARBUCKS CORPORATION, a Washington corproration
2710 Gateway Oaks Dr., Ste. 150N
Sacramento, CA 95833

9563350224

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

      I am employed in the county of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is **K&L GATES LLP,** 1900 Main Street, Suite 600, Irvine, California 92614.

On **July 30, 2012**, I served the foregoing document(s): **NOTICE OF REMOVAL; DECLARATION OF JOANNA STEWART IN SUPPORT OF STARBUCKS CORPORATION'S NOTICE OF REMOVAL; and, DEFENDANT STARBUCKS CORPORATION'S' NOTICE OF INTERESTED PARTIES**

      BY ECF: The undersigned certifies that the document listed above was filed this July 30, 2012. Notice of this filing will be sent to all parties in this case listed below by operation of the Court's electronic filing system (ECF). Parties may access this filing via the Court's ECF system.

**BY FEDERAL EXPRESS**

Jordan L. Lurie
Andrew Sokolowski
Sue J. Kim
Arvin Ratanavongse
Initiative Legal
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067

      I also sent the mandatory chambers copy of the foregoing document via Federal Express, priority overnight delivery, to the U.S. District Court, 255 East Temple Street, Courtroom 880, Los Angeles, California, 90012.

☒    **FEDERAL**: I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

      I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on **July 30, 2012**, at Irvine, California.

                                     _____

                                     MARIA MARTINEZ

RECYCLED PAPER